UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TONYA PRICE | CIVIL ACTION NO. 17-cv-1569 |
| VERSUS | JUDGE TRIMBLE |
| CITY OF ALEXANDRIA, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Tonya Price ("Plaintiff"), represented by attorney Carol Powell-Lexing, filed this civil action in state court. Plaintiff alleged that she protested the repossession of her car and was subjected to excessive force by an Alexandria police officer who arrived at the scene. The named defendants include the City of Alexandria, its mayor and city council, the chief of police, the individual officer, and the company that was performing the repossession. Defendants removed the case to this court based on Plaintiff's assertion of federal claims. For the reasons that follow, it is recommended this civil action be dismissed for failure to prosecute.

A few months after the case was removed, and before any significant activity, attorney Powell-Lexing filed a Motion to Withdraw (Docs. 11, 13, and 14) in which she represented that her schedule would not allow her to devote the time necessary to represent Plaintiff in federal court. She contended that Plaintiff had not officially retained her to handle the federal action, and she had filed the state court action to interrupt prescription during the pendency of related criminal proceedings against Plaintiff. Powell-Lexing gave

notice to Plaintiff by telephone and certified mail that she was moving to withdraw from the case.

The court granted the motion to withdraw, strongly encouraged Plaintiff to retain new counsel, and granted Plaintiff 30 days to either (1) enroll new counsel to represent her in this case or (2) file with the court a written statement that she intends to represent herself. Plaintiff was warned that failure to take one of those steps by her April 9, 2018 deadline could result in her case being dismissed, without further notice, for failure to prosecute. Doc. 15.

The undersigned reviewed the record after the April 9 deadline passed without action and noticed that there was not express confirmation on the docket sheet that the prior order had been mailed to Plaintiff.  It is believed that the original order was mailed as directed, but, out of an abundance of caution, the court granted Plaintiff an extension until April 27, 2018 to comply with the order.  She was warned that failure to do so could result in her case being dismissed without further notice.  The docket sheet reflects that a copy of that order, along with a copy of the original order, were mailed to Plaintiff at her home address.  The April 27 deadline has now passed, and Plaintiff has not taken any action of record to indicate an interest in this case.

"A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988), citing Fed. R. Civ. P. 41(b).  "The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant." Id., citing Link v. Wabash Railroad, 82 S.Ct. 1386, 1388-90 (1962).  Dismissal for such failures may be ordered "with or

without notice to the parties." Rogers v. Kroger Company, 669 F.2d 317, 319-20 (5th Cir.1982).

The court provided ample notice and time for Plaintiff to enroll new counsel or demonstrate a desire to proceed without counsel. Plaintiff has not taken even the simple step of alerting the court that she desires to proceed on her own. It is highly unlikely that a plaintiff who is unwilling to take such a simple step is interested enough in her case to comply with the other more serious requirements of litigation. Proceeding further with this action would be a waste of time and resources for both the court and the several defendants. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly,

**IT IS RECOMMENDED** that this civil action be **dismissed without prejudice** for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of May, 2018.

Mark L. Hornsby
U.S. Magistrate Judge